**Eréndira Castillo, Esq.**
Counsel for Defendant
AZ Bar Number: 017963
Law Practice of
Eréndira Castillo
Post Office Box 86644
Tucson, Arizona 85754
erendira@erendiracastillolaw.com
 Voice:  520.477.1925

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| | ) | CR20-00678-JCH-TUC-DTF |
| Plaintiff, | ) | |
| | ) | Sentencing Memorandum |
| v. | ) | |
| | ) | |
| Sara Belen Coltz | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

It is expected that excludable delay will not be caused because of this motion or ordered issued as a result based on this motion. 18 U.S.C. §3161 et. seq..

Sara Belen Coltz respectfully requests the Court accept the plea agreement and impose the recommended sentence of 120 months or 10 years which is the minimum sentence under the plea agreement.

Sara is extremely remorseful and recognizes her actions were wrong.  Sara's call to Ms. Carter is what initiated this prosecution to let her know what was happening and to ask for help.  Sara had gotten in too deep and did not know what to do.  Her intention was never to hurt the victim.  But due to her mental illness, limited intellectual capacity and drug addiction she did not have the maturity, experience, or wisdom to correct the situation before it even started.  A 10-year sentence satisfies the purposes of sentencing pursuant 18 U.S.C. §3553(a) considering her life-long history of trauma which includes sexual abuse since she was a toddler.  Similarly, records indicate that the victim was sexualized at a young age as there were allegations of sexual abuse when he was a young child.  Records

further indicate that both Ka. and Ko. were under the care of family members when Sara agreed to permanent guardianship in Cochise County. Sara indicates that her parental rights were severed in 2009. Sara has not played a parental role in the lives of the children she gave birth to. When Sara was young mother, Sara's addiction prohibited her from taking care of her children and so other family members have taken the children and provided for them. Sara receives social security disability benefits because she cannot work.

The facts as laid out in the government's sentencing memorandum are public record. These facts place Sara in danger and would ask the Court to consider sealing document 74. Sex offenders are highly stigmatized in society. And, in the prison setting they are more so. BOP considers sex offenders a "vulnerable population." Sara has been in protective custody since her arrest. She has spent nearly two months alone at times and has had only minimal social interaction for the last two years. This vulnerability will continue once Sara is released as she will be required to register as a sex offender. Sara suffers from mental illness and intellectual disabilities which further marginalize, stigmatize and render her vulnerable to individuals who seek vengeance or conditions of supervision which are overly complicated.

1. **Presence at sentencing:**

Counsel has requested that Sara be transported for sentencing because Sara is easily confused. Counsel needs to make sure she understands and that she can ask questions during her sentencing if needed. Her appearance via video teleconference or telephone in this case due to Sara's limitations is not appropriate due to the complicated issues and the length of the potential sentence she faces.

Counsel appreciates these accommodations as it will allow Sara to fully participate at her sentencing proceeding.

2. **Review of PSR**

Sara and counsel have discussed the PSR. Counsel explained the U.S.S.G. calculations with Sara and the changes made between the December 28, 2021, and January 4, 2022, draft PSRs. Sara had a hard time understanding the changes, but counsel has answered her

questions and believes that she understands them to the best of her ability.

With respect to the ages of Ka. and Ko. C., counsel erred in stating that the Ko. C. is 18. He is not. He is 17 and Ka. is 16 currently.

Sara is currently on 11 different medications to help her with her mental and emotional health. The combination of medications allows Sara to remain stable and give her relief from her extreme anxiety. While reviewing the PSR and psychosexual evaluations with Sara, she disclosed that at the time of her polygraph evaluation she had not been given her medication that day. Sara had a very difficult time coping and Sara felt that the polygrapher who performed the examination was unable to deal with the situation well. The evaluation seemed to indicate that Sara was being deceptive, however the likely cause was because Sara was not given her medications that day until after she returned from the evaluation.

**18 U.S.C. §3553(a) factors justifying a 10-year minimum mandatory sentence:**

A. Nature and Circumstance of the Offense and the History and Characteristics of the Defendant as well as the consideration of Disparity for Similarly Situated Defendants

94.2%[1] of all federal sex offenders are males. 94.4% (*id*. at 25) of federal sex offenders face a minimum mandatory sentence.

> Female offenders convicted of a sexual abuse offense carrying a mandatory minimum penalty received relief from that penalty more than three times as often as male sexual abuse offenders (26.2% compared to 7.0%).

Here, Sara is not receiving relief from the mandatory minimum. And the government is asking for the mandatory minimum of a count not plead to. "Female offenders were most commonly sentenced under §2G1.3 (49.5%), followed by §2G2.1 (23.7%). For offenses carrying a mandatory minimum penalty, female offenders were mostly sentenced under §2G2.1 (50.0%)." Id at 63, fn 53. Thus, the heartland of female sex offenders have

---

[1] Mandatory Minimum Sentences for Federal Sex Offenders (Published January 2019) p. 22 https://www.ussc.gov/research/research-reports/mandatory-minimum-penalties-federal-sex-offenses

3

received a sentence below the minimum mandatory. That is not the case here. The government has determined that the facts in this case are egregious and thus do not warrant allowing the Court to use its discretion and experience or take into consideration the mitigating factors in Sara's life to be able to impose a sentence below the 10-year minimum mandatory sentence. The empirical data establish that Sara is being punished more harshly than the majority of similarly situated defendants. Thus a sentence of 10-years addresses the 18 U.SC. §3553(a) factors taking into account the nature and circumstances of the offense and disparity in sentencing similarly situated defendants.

The PSR sets out Sara's personal history accurately and appropriately recommends the minimum of 10-years based on the long history of trauma, mental illness, addiction and Sara's limited intellectual function. This personal history and Sara's unique personal characteristics justify the recommended sentence. Sara was sexually abused as a toddler; she was raped by her father who was imprisoned for two-months for that sexual assault. She has been the victim of repeated physical abuse by the victim's father and as a result she too became violent resulting in a misdemeanor DV conviction. Sara engaged in this offense – typifying the phrase "hurt-people, hurt people." Sara allowed and enticed the victim to act out sexual behavior and objectification occurred of both parties. Sara degraded and betrayed her own dignity allowing herself to be depicted in one of the most base manners imaginable

### B. Provide the Defendant with Needed Educational or Vocational Training; Medical Care or other Correctional Treatment in the Most Effective Manner

Sara graduated from high school and attended some college at a vocational training center. As a sex offender obtaining housing will be a challenge if her plans to return with her current partner fall through. She will need assistance ensuring that her disability application is completed so when she is released, she will be able to have some finances to take care of herself.

Sara does not intend to remain in Arizona. She wishes to return to Virginia and would ask the Court to designate her as near as possible to her home in Virginia so she can see her partner, Josh.

4

Sara is willing and interested in participating in treatment and wishes to pursue any educational opportunities she is given. She needs substance abuse treatment and would request to be given those opportunities in an appropriate facility such as FCI-Marianna in Florida. There are no other sex offender specific programs on the East Coast for women.

### C. Deterrence and Protection of the Public

Sara's offense arose out of very unique and narrow set of facts that grew out of a pre-existing relationship. Sara will not reoffend sexually. She accepts her punishment and recognizes that she is in a "correction" facility to be corrected.

### D. Narrowly Tailoring Supervised Release Conditions is Imperative

It is respectfully requested that the supervised release conditions imposed be simple, clear, and narrowly tailored to allow Sara to have an opportunity understand. To overcomplicate the conditions would be setting Sara up to fail. Male sex offenders re-offend at a rate of 13% - female sex offenders are much less likely to reoffend to the degree that there is no actuarial instrument which can be used to determine risk. Clearly, life-time supervision is not necessary however it is a term of the plea agreement and for this reason the conditions of supervision should be minimal in order to promote rehabilitation. Other mechanisms, such as registering as a sex offender which stigmatizes women more than men, is intended to provide a tool for "protecting the public."

Conclusion:

The objections and letters to the Court are incorporated herein by reference. For the foregoing reasons, a sentence of 10-years satisfies 18 U.S.C. §3553(a) parsimony provision and is appropriate to avoid unwarranted sentencing disparities.

                RESPECTFULLY SUBMITTED:       February 28, 2021.

                                      Counsel for Defendant,

                                      s/   *Eréndira Castillo*
                                      Eréndira Castillo, A Law Practice

*CERTIFICATE OF SERVICE: I hereby certify that the above date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant*: Erica Seger, A.U.S.A.